IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVE WILLIAMSON and RHONDA )
CHRISTINE LEMASTER, *on behalf of* )
*themselves and all others similarly situated,* )
)
     Plaintiffs, )
)     Case No. 3:15-cv-365-SMY-DGW
     v. )
)
S.A. GEAR COMPANY, INC., AUTOZONE, )
INC., AUTOZONE STORES, INC., and )
AUTOZONE PARTS, INC., )
)
     Defendants. )

**ORDER**

**WILKERSON, Magistrate Judge:**

As an initial matter, this Court notes that it abandons all hope that the parties can cooperate and conduct discovery in a manner anticipated by the adopters of the Federal Rules of Civil Procedure when the cooperative rules of discovery were instituted.   As such, this Court will take a proactive role in assisting the parties in conducting discovery.   Additionally, as stated at the discovery dispute hearing held on August 24, 2016, this Court reminds the parties of the Court's power to appoint a Special Master for discovery and directs the parties to examine Doc. 179 in *Alford v. Aaron Rents, Inc., et al.*, 3:08-cv-683 MJR.   In that case, this Court appointed a Special Master for discovery pursuant to FED.R.CIV.P. 53(a)(1)(c).   It should be noted that if a special master is appointed, any costs associated with a special master **WILL BE** borne by the parties to the action.   The Court again urges the parties cooperate in a reasonable manner in the discovery process.

## PROCEDURAL BACKGROUND

This is a products defect proposed class action in which Plaintiffs allege that Defendants, S.A. Gear Company, Inc., AutoZone, Inc., AutoZone Stores, Inc., and AutoZone Parts, Inc., manufactured, distributed, advertised and/or sold defective timing chain tensioners ("the Part").

On July 15, 2015, Plaintiffs filed a motion for class certification (Doc. 15) and, on December 4, 2015, Defendants filed a motion to dismiss Plaintiff's first amended complaint (Doc. 44) and a motion to strike and dismiss Plaintiffs' nationwide and multi-class allegations (Doc. 42) that are currently pending before the District Court.

On February 29, 2016, Defendants sought to stay further discovery pending resolution of their motion to dismiss (Doc. 69), but said motion was denied (Doc. 72). As such, the parties were directed to continue discovery in this matter in accordance with the Court's Scheduling and Discovery Order.

According to the Scheduling and Discovery Order, discovery prior to class certification must be sufficient to permit the Court to determine whether the requirements of Federal Rule of Civil Procedure are satisfied and, in order to ensure that a class certification decision be issued as soon as practicable, priority shall be given to discovery on class issues (*see* Doc. 46, p. 3).

On April 12, 2016, the Court held an in-person discovery dispute conference to address Plaintiffs' contention that Defendant S.A. Gear Company, Inc. ("S.A. Gear") failed to adequately respond to their written discovery requests. At the hearing, Plaintiffs were directed to provide Defendant S.A. Gear with revised definitions for their interrogatories and requests to produce and Defendant S.A. Gear was directed to supplement its objections to Plaintiffs' requests (*see* Doc. 75).

Subsequently, on June 30, 2016, the Court held a status conference to ascertain whether

any discovery disputes remained and discuss the schedule in this matter (*see* Doc. 77).   At the conference, the Court was informed there were a number of discovery disputes that remained pending and, as such, the Court set this matter for another in-person discovery dispute conference on July 25, 2016.   Prior to the July 25, 2016 discovery dispute conference, Plaintiff filed a motion to compel as to Defendant S.A. Gear (Doc. 82) as well as a motion to compel as to Defendants AutoZone, Inc., AutoZone Stores, Inc., and AutoZone Parts, Inc. ("AutoZone Defendants") (Doc. 84).   Following the July 25, 2016 discovery dispute conference, the Court issued a ruling on portions of Plaintiff's motions to compel (Doc. 91); however, the Court continued the discovery dispute conference to August 24, 2016 to address the remaining disputes.

Following the August 24, 2016 discovery dispute conference, the Court hereby **GRANTS IN PART, DENIES IN PART, and FINDS AS MOOT IN PART** Plaintiffs' motions to compel, as set forth below.

### DISCUSSION

At the August 24, 2016, the Court heard argument concerning Plaintiffs' complaints regarding Defendants' objections and responses to their interrogatories and requests to produce. Largely, Plaintiffs' complaints concerned Defendants' use of what Plaintiffs characterize as "boilerplate" objections and Defendants' invoking objections while still providing a response to the request subject to their objection.

Rule 33(b)(4) of the Federal Rules of Civil Procedure prescribes that "the grounds for objecting to an interrogatory must be stated *with specificity*." (emphasis added).   Indeed, courts have expressed serious reservations on the efficacy of incorporating generalized objections to a specific request, noting that parties making general objections engage in a "dangerous practice", running the risk of having them summarily denied.   *Avante Int'l Technology, Inc. v. Hart*

*Intercivic, Inc.*, Civil No. 07-169-DRH, 2008 WL 2074093 (S.D. Ill. May 14, 2008), *2-*3. While boilerplate objections are typically disfavored and often overruled, Rule 33(b)(3) requires a party lodging a specific objection to a discovery request to provide an answer to the request to the extent it is not objected to.   In other words, Rule 33 contemplates that a party may object to a discovery request while still providing a substantive response.   While the Court is mindful of Plaintiffs' argument that "there is no such thing as 'full' or 'complete'" responses to interrogatories that are subject to stated objections, the Court finds Plaintiffs' argument unavailing, particularly in light of the Seventh Circuit's decision in *Zahran v. Frankenmuth Mut. Ins. Co.*, wherein the Court denied the plaintiffs' motion to compel the defendant to provide further answers to interrogatories as the defendant had fully answered the plaintiffs' interrogatories subject to various objections and the plaintiffs failed to set forth any instances in which the defendant had not answered fully.   53 F.3d 334 (Table), 1995 WL 241392 (7th Cir. 1995).

In light of the foregoing, and after hearing the arguments of the parties, the Court hereby issues its rulings on Plaintiffs' objections to Defendants' answers and objections to their discovery requests as follows:

I. **Defendant S.A. Gear's Answers to Plaintiffs' First Set of Interrogatories:**

   a. Interrogatory No. 8 – Plaintiffs' objection is **OVERRULED**. Defendant's objection is sustained as it is stated with sufficient specificity and Defendant's answer is adequate.

   b. Interrogatory No. 9 – Plaintiffs' objection is **OVERRULED**.   Defendant's objection is sustained as it is stated with sufficient specificity and Defendant's answer is adequate.

   c. Interrogatory No. 10 – Plaintiffs' objection is **OVERRULED**.   Defendant's

objection is sustained as it is stated with sufficient specificity and Defendant's answer is adequate.

d.  Interrogatory No. 11 – Plaintiffs' objection is **OVERRULED**.   Defendant's objection is sustained as it is stated with sufficient specificity and Defendant's answer is adequate.

e.  Interrogatory No. 12 – Plaintiffs' objection is **OVERRULED**.   Defendant's objection is sustained as it was stated with sufficient specificity and Defendant's answer is adequate.

f.  Interrogatory No. 13 – Plaintiffs' objection is **OVERRULED**.   Defendant's objection is sustained as it was stated with sufficient specificity and Defendant's answer is adequate.

g.  Interrogatory No. 16 – Plaintiffs' objection is **OVERRULED**.   Defendant's objection is sustained as it was stated with sufficient specificity and Defendant's answer is adequate.

h.  Interrogatory No. 22 – Plaintiffs' objection is **MOOT**.

i.  Interrogatory No. 26 – Plaintiffs' objection is **OVERRULED**.   Defendant's objection is sustained as it was stated with sufficient specificity and Defendant's answer is adequate.

j.  Interrogatory No. 27 – Plaintiffs' objection is **OVERRULED**.   Defendant's objection is sustained as it was stated with sufficient specificity and Defendant's answer is adequate.

II.   **Defendant S.A. Gear's Responses to Plaintiffs' First Requests for Production:**

a.  RFP No. 12 – Plaintiffs are **ORDERED** to withdraw the term "expression" from

this request.  Plaintiffs' objection is **OVERRULED**.  Defendant's objection is sustained as it was stated with sufficient specificity and Defendant's response is adequate.

b.  RFP No. 13 –Plaintiffs' objection is **OVERRULED**.  Defendant's objection is sustained as it was stated with sufficient specificity and Defendant's response is adequate.

c.  RFP No. 14 – Plaintiffs' objection is **OVERRULED**.  Defendant's objection is sustained as it was stated with sufficient specificity and Defendant's response is adequate.  However, Defendant is **ORDERED** to supplement its response to provide Bates ranges for product analysis reports by **August 26, 2016**.

d.  RFP No. 15 – Plaintiffs' objection is **OVERRULED**.  Defendant's objection is sustained as it was stated with sufficient specificity and Defendant's response is adequate.

e.  RFP Nos. 62-64 – Plaintiffs' objections are **MOOT**.

f.  RFP Nos. 79 and 80 – Defendant is **ORDERED** to supplement its response to these requests, producing documents set forth in its answer to interrogatory numbers 26 and 27.

g.  RFP Nos. 24, 28, 33, 37, 41, 45, 49, 53, 57, 61, 65, 69, and 73 – Upon agreement of the parties, insofar as these requests ask for identification of "any persons", said phrase **SHALL** mean "persons in a position of primary authority, managerial, supervisory, officer, or executive positions" and insofar as these requests ask for identification of "all documents", said phrase **SHALL** mean "at least one identifying document, for each responsive person or entity."

h.  Plaintiffs are **GRANTED LEAVE** to amend and "re-ask" **10 requests for production** and **10 interrogatories** propounded on Defendant S.A. Gear insofar as Plaintiffs seek to amend their use of the phrase "substantially similar designation" in various discovery requests.  **Any such amended interrogatories or requests for production must be served on Defendant S.A. Gear by September 2, 2016**.

III.  **AutoZone Defendants' Answers and Responses to Plaintiffs' First Interrogatories and First Requests for Production**

a.  The Court finds that the AutoZone Defendants' answers and responses to Plaintiffs' written discovery requests are sufficient (while acknowledging that Plaintiffs may renew or set forth objections to said responses once an ESI protocol is in place) and the Court declines to overrule Defendants' objections as they contend they have fully answered the requests.

IV.  **Bates Ranges**

a.  Defendant S.A. Gear is **ORDERED** to provide bates ranges with its responses to document requests by **August 26, 2016**.

V.  **Privilege Log**

a.  The parties are **ORDERED** to provide a privilege log detailing documents that are being withheld on the basis of privilege by **September 2, 2016.**

b.  The privilege log **must** log documents from January 1, 2008 to April 2, 2015; however, to the extent there are communications between a client and an attorney (with no other outside parties involved), said communications **do not** need to be logged.

VI.     **Miscellaneous Rulings**

    a.  The parties are **GRANTED LEAVE** to file supplemental arguments concerning their proposed ESI protocols and any objections to this Order by **September 2, 2016**.   The supplemental arguments **shall** be no more than **10 pages in length**.

    b.  Defendant S.A. Gear is **GRANTED** an extension of time, up to and including **September 2, 2016**, to comply with the Court's July 27, 2016 Order (Doc. 91) to conduct a search of any records and documents, including emails and other correspondence, in its control, for any information concerning the Part at issue, including information related to its specifications, quality assurance, or contracts entered into with suppliers, and provide any such documents to Plaintiffs.

**IT IS SO ORDERED.**

**DATED: August 25, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**