UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Steve Williamson and Rhonda Christine LeMaster, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>S.A. Gear Company, Inc., AutoZone, Inc., AutoZone Stores, Inc., and AutoZone Parts, Inc.,<br><br>Defendants. | Case Number: 3:15-CV-00365-SMY-DGW |

**DEFENDANTS AUTOZONE, INC., AUTOZONE PARTS, INC., AND AUTOZONE STORES, INC.'S MOTION FOR ADOPTION OF DEFENDANTS' PROPOSED ESI PROTOCOL**

**INTRODUCTION**

AutoZone, Inc., AutoZone Stores, Inc., and AutoZone Parts, Inc. (collectively, "the AutoZone Defendants") respectfully request that their ESI Protocol proposal be adopted because it follows the 7th Circuit Model Discovery Plan template, addresses each of the important issues that commonly arise in ESI discovery, and is commensurate with the discovery needs of this case. Defendants' ESI Protocol proposal therefore complies with Fed. R. Civ. P. 26. Defendants' proposal by following the 7th Circuit's recommendations, is structured to minimize or eliminate disagreements, confusion and misunderstanding by affirmatively addressing the ESI discovery issues which are likely to arise. This, in turn, eliminates or reduces the need for third-party involvement. Plaintiffs have unfortunately demonstrated a lack of candor and cooperation on what should be simple discovery issues. This conduct has manifested itself in the motion practice

1

to date. As such, to address that concern a complete ESI Protocol that follows the recommendations of the 7th Circuit is appropriate, and in fact critical. Stated another way, in this case clarity in the ESI Proposal is best; vagueness and ambiguity should be avoided to discourage needless disputes. In this regard, Plaintiffs' proposal is materially incomplete or entirely silent on important ESI discovery, does not follow the 7th Circuit Model Discovery Plan, and would impose discovery obligations that are inconsistent and disproportionate to the needs of this case. For these reasons, as discussed further at the hearing on August 24, 2016 and below, the AutoZone Defendants request that Defendants' ESI Protocol be entered as an Order so that ESI discovery may be completed in compliance with ascertainable ESI discovery guidelines.

## BACKGROUND

Defendants' ESI Protocol proposal is attached. *See* Exhibit A (Defendants' Discovery Plan for Electronically Stored Information). It follows the format and content recommended and approved by the Seventh Circuit in its ESI Model Discovery Plan. *See* http://www.discoverypilot.com/content/model-discovery-plan.

By way of background, the AutoZone Defendants have been seeking an ESI Protocol for many months. The AutoZone Defendants first raised the issue with Plaintiffs in March. The AutoZone Defendants sent a draft ESI Protocol to Plaintiffs on June 21, 2016. The AutoZone Defendants also provided their ESI Protocol to the Court on June 27, 2016.

Defendants again raised the issue of an ESI Protocol with Plaintiffs during the June 30, 2016 status conference. In the weeks that followed, Plaintiffs declined to meaningfully meet and confer on the topic. Defendants' proposed ESI Protocol was not controversial, and should have been well known to opposing counsel, since it follows the approved 7th Circuit ESI Model Discovery Plan.

The AutoZone Defendants raised the issue yet again during the status conference and hearing on July 25, 2016.  *See* Dk't 91. The AutoZone Defendants were asked to re-submit our proposed ESI Protocol to Plaintiffs, which they did the next day, July 26, 2016. Although Defendants had been asking for feedback or counter-proposals for months, on August 17, 2016, Plaintiffs provided their first and only counter-proposal. *See* Exhibit B (August 19, 2016 correspondence with attachments).

## DISCUSSION

Defendants have proposed an ESI Protocol that follows the recommendations of the 7th Circuit. In addition to addressing commonly encountered ESI issues, Defendants' proposal addresses substantive matters that will spell out what needs to be done. The AutoZone Defendants have followed the 7th Circuit Model Plan to eliminate confusion and disagreements by spelling out the ESI discovery process. Thus, in turn, will eliminate or at least minimize potential disagreements with Plaintiffs, and avoid or minimize the need for the involvement of a third-party resolve any disputes that might arise.

For example, Defendants' proposal identifies:

- The categories of ESI most relevant to the claims and defenses in the case; *see* Ex. A, ¶ A(6);

- The sources of ESI in the possession, custody or control of the parties to be searched; *see id.*, ¶ A(7);

- The type of ESI to be searched; *see id.*, ¶ A(8);

- The type of ESI to be searched; *see id.*, ¶ B(1);

- Production format for electronically created files; *see id.*, ¶ C(1); and

- The metadata fields to be produced follow the recommendations of the 7th Circuit; *see id.*, Exhibit 1.

Plaintiffs proposal does not address these important ESI issues. By ignoring these common but important ESI discovery topics, Plaintiffs' proposal will lead to unnecessary confusion, and worse, disagreements over what must be done and compliance. The AutoZone Defendants seek to avoid unnecessary confusion and disagreements.

## CONCLUSION

The AutoZone Defendants respectfully request that Defendants' ESI Protocol proposal be adopted.

Date: September 2, 2016                   **HELLMUTH & JOHNSON, PLLC**

                                             By: s/Michael R. Cashman
                                                   Jonathan D. Jay (MN ID No. 18603X)
                                                   (admitted *pro hac vice*)
                                                   Michael R. Cashman (MN ID No. 0206945)
                                                   (admitted *pro hac vice*)
                                                   Anne T. Regan (IL ID No. 6280977; MN ID No. 0333852) (admitted *pro hac vice*)
                                                   8050 West 78th Street
                                                   Edina, MN 55439
                                                   Telephone: (952) 941-4005
                                                   jjay@hjlawfirm.com
                                                   mcashman@hjlawfirm.com
                                                   aregan@hjlawfirm.com

                                                   **ATTORNEYS FOR DEFENDANTS AUTOZONE, INC., AUTOZONE PARTS, INC., and AUTOZONE STORES, INC.**

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on September 2, 2016, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

| | |
|---|---|
| John J. Driscoll, Esq.<br>Gregory J. Pals, Esq.<br>The Driscoll Firm, P.C.<br>211 North Broadway, 40th Floor<br>St. Louis, MO 63102<br>greg@thedriscollfirm.com<br>john@thedriscollfirm.com | Jonathan H. Garside, Esq.<br>Sarah B. Mangelsdorf, Esq.<br>Fox Galvin, LLC<br>One South Memorial Drive, Floor 12<br>St. Louis, MO 63102<br>jgarside@foxgalvin.com<br>smangelsdorf@foxgalvin.com |
| **ATTORNEYS FOR PLAINTIFFS** | **ATTORNEYS FOR DEFENDANT S.A. GEAR** |

**HELLMUTH & JOHNSON, PLLC**

By: s/Michael R. Cashman
  Jonathan D. Jay (MN ID No. 18603X)
  (admitted *pro hac vice*)
  Michael R. Cashman (MN ID No. 0206945)
  (admitted *pro hac vice*)
  Anne T. Regan (MN ID No. 386774)
  (admitted *pro hac vice*)
  8050 West 78th Street
  Edina, MN 55439
  Telephone: (952) 941-9271
  jjay@hjlawfirm.com
  mcashman@hjlawfirm.com
  aregan@hjlawfirm.com

  **ATTORNEYS FOR DEFENDANTS AUTOZONE, INC., AUTOZONE PARTS, INC., and AUTOZONE STORES, INC.**