IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE WILLIAMSON and RHONDA CHRISTINE LEMASTER, On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> S.A. GEAR COMPANY, INC., AUTOZONE, INC., AUTOZONE PARTS, INC., and AUTOZONE STORES, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 15-CV-365-SMY-DGW |

## **MEMORANDUM AND ORDER**

Plaintiffs Steve Williamson and Rhonda Christine LeMaster ("Plaintiffs"), filed this proposed class action against Defendants S.A. Gear Company, Inc., Autozone, Inc., Autozone Parts, Inc., and Autozone Stores, Inc. ("Defendants") alleging that Defendants manufactured, distributed, advertised and/or sold defective timing chain tensioners ("the Part") (Doc. 35). Defendants move to dismiss and strike Plaintiffs' nationwide and multi-state allegations asserting that, as a matter of law, Plaintiffs' class claims cannot be certified because the claims would have to be litigated under the different consumer, fraud and warranty laws of 30 states (Doc. 42). Plaintiffs filed a response (Doc. 51).

Defendants contend that this Court should strike the class allegations related to Plaintiffs' ICFA and breach of warranty claims because the variety of consumer rights – based on 30 different state consumer protection schemes – are far too numerous to litigate in a single case and

would make this case too complex and unmanageable. Plaintiffs assert that Defendants' motion is premature.

Under *FRCP* 23(a), class certification is not warranted unless the named plaintiff satisfies four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed.R.Civ.P. 23(a). However, whether a plaintiff has fulfilled Rule 23 class action requirements is not an appropriate inquiry at the motion to dismiss and/or motion to strike stage because class determinations generally involve considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action. *See, e.g., Mednick v. Precor, Inc.,* 2014 WL 6474915, at *6–7 (N.D. Ill. 2014); *Boatwright v. Walgreen Co.,* 2011 WL 843898, at *2 (N.D. Ill. 2011); *Howard v. Renal Life Link, Inc.,* 2010 WL 4483323, at *2 (N.D. Ill. 2010); *Holtzman v. Caplice,* 2008 WL 2168762, at *2–3 (N.D. Ill. 2008) (challenge to numerosity best left for class certification motion); *Walker v. County of Cook,* 2006 WL 2161829, at *2 (N.D. Ill. 2006) (issues regarding commonality and typicality as required under Rule 23 were prematurely raised in a Rule 12(b)(6) motion).

The cases relied upon by Defendants in support of their motion were decided at the class certification stage, not in consideration of motions to dismiss and/or strike. *In re Aqua Dots Products Liab. Litig.,* 654 F.3d 748, 751 (7th Cir. 2011); *In re Bridgestone/Firestone, Inc.,* 288 F.3d 1012, 1015 (7th Cir. 2002); *Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 673 (7th Cir. 2001); *In re Gen. Motors Corp. Dex–Cool Products Liab. Litig.,* 241 F.R.D. 305, 308 (S.D. Ill. 2007). Further, as the Seventh Circuit has noted, "choice-of-law issues in nationwide class actions are rarely so uncomplicated that one can delineate clear winning and losing arguments at an early stage in litigation." *Mirfasihi v. Fleet Mortgage Corp.,* 450 F.3d 745, 750 (7th Cir.

2006).  Accordingly, the Court will defer consideration of the impact of variations in state law until the class-certification stage.  Defendants' motion is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  January 23, 2017**

                                **s/ Staci M. Yandle**
                                **STACI M. YANDLE**
                                **United States District Judge**