IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE WILLIAMSON and RHONDA CHRISTINE LEMASTER, *on behalf of themselves and all others similarly situated*, <br><br>Plaintiffs,<br><br>v.<br><br>S.A. GEAR COMPANY, INC., et al.,<br><br>Defendants. | Case No. 3:15-cv-365-SMY-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on the Motion for Permission to File Under Seal or Alternatively for Protective Order filed by Defendants AutoZone, Inc., AutoZone Stores, LLC, and AutoZone Parts, Inc. (collectively referred to as the "AutoZone Defendants") (Doc. 130) and the Motion to Place Documents under Seal or for Other Relief and Request to Expedite filed by Plaintiffs (Doc. 186). For the reasons set forth below, the AutoZone Defendants' motion to seal is **GRANTED** and Plaintiffs' motion to seal is **DENIED WITHOUT PREJUDICE**.

On April 26, 2017, the AutoZone Defendants filed a motion seeking permission to file under seal certain confidential documents in support of their memorandum in opposition to Plaintiff's motion for class certification. The AutoZone Defendants generally indicated that they intended to file the declarations of Scott Brack and Larry Arthur, employees of AutoZone, Inc., in which they address confidential, proprietary business information including internal claims procedures, warranty processes, and sales information. These Defendants assert that this information is non-public, proprietary and commercially sensitive business information.

Plaintiffs objected to Defendants' motion on May 10, 2017 arguing Defendants' motion is devoid of any explanation concerning how or why any of its documents constitute trade secrets. Plaintiffs also argued that the AutoZone Defendants' motion is moot insofar as they forfeited confidentiality claims when they produced the relevant documents without ever requesting a protective order from the Court.

The AutoZone Defendants filed a reply brief on May 17, 2017 that sufficiently identified the exceptional circumstances that necessitated said filing — mainly they filed their motion prior to submitting their opposition brief and, as such, had not yet finalized the evidence that would require confidential treatment. Accordingly, in their reply brief, Defendants delineated the documents they seek to protect and set forth their argument as to why said documents should be sealed. Plaintiffs filed a motion to strike Defendants' reply which the Court denied on July 26, 2017. In its Order, the Court granted Plaintiffs leave to file a sur-reply to Defendants' motion to seal. Plaintiffs did not file a sur-reply.

Although the Seventh Circuit avers that "[i]nformation that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure," *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009), it also recognizes that documents that contain information that meets the definition of trade secret or other confidential information may be sealed. *Id.* In this instance, the AutoZone Defendants have identified discrete documents that they assert include confidential, proprietary business information regarding AutoZone's unique internal claims procedures, warranty processes, and sales information. Based on a review of the identified documents, and in light of Plaintiffs' failure to file a sur-reply setting forth any argument to the contrary, the Court agrees. The particular documents identified by Defendants contain vendor agreements, internal sales tracking data and proprietary business information concerning

processes and procedures for handling particular claims[1]. The Court finds that said information constitutes the definition of "trade secret" considered by the Seventh Circuit in *Foster*. For these reasons, the AutoZone Defendants' Motion for Permission to File under Seal (Doc. 130) is **GRANTED**.

The remaining issue is how to effectuate this Court's decision. A review of the docket in this matter demonstrates a concerning practice insofar as the parties have filed various documents under seal without seeking permission from this Court. In particular, Plaintiffs filed all of their exhibits in support of their motion for class certification under seal (*see* Doc. 124). There was no accompanying motion to file under seal. The AutoZone Defendants also filed all of their exhibits under seal, albeit while their motion to file under seal was pending (*see* Doc. 135). By way of this Order, the Court has ruled that good cause has been established to keep only the following documents related to class certification briefing under seal:

1. Exhibits 1-2 to the Declaration of Scott Brack, Doc. 135-4, pp. 7-24.
2. Paragraphs 5-10 to the Declaration of Larry Arthur, Doc. 135-3.
3. Exhibit 1 to the Declaration of Larry Arthur, Doc. 135-3, pp. 10-23.
4. Plaintiff's Exhibit 15 in support of their Motion for Class Certification, Doc. 124-15[2].
5. Plaintiff's Exhibit 16 in support of their Motion for Class Certification, Doc. 124-16[3].
6. Plaintiff's Exhibit 17 in support of their Motion for Class Certification, Doc.

---

[1] Defendants referenced Exhibits 1-3 to the Declaration of Scott Brack in their reply; however, said Declaration only includes two exhibits. Therefore, the Court has only applied Defendants' arguments to Exhibits 1 and 2 of Scott Brack's Declaration (*see* Doc. 135-4).
[2] Defendants incorrectly identified this document as Doc. 125-15; however, that designation appears to be due to a typographical error.
[3] Defendants incorrectly identified this document as Doc. 125-16; however, that designation appears to be due to a typographical error.

124-17.

7. Plaintiff's Exhibit 20 in support of their Motion for Class Certification, Doc. 124-20.

Accordingly, as it stands a number of documents are now improperly sealed in the Court record. In order to rectify this occurrence and maintain some semblance of order in the docket, the Court shall allow the exhibits filed under seal in support of Plaintiffs' motion for class certification and the AutoZone Defendants' memorandum in opposition to remain sealed. However, Plaintiffs and the AutoZone Defendants are **ORDERED** to re-file the exhibits (and any portions thereof) that have not been identified above in the public record by **September 15, 2017**. The parties shall ensure that the exhibits reference the applicable document to which they are associated. For clarification, the only exhibits that need not be re-filed publicly are those listed in numerical order from one through seven as set forth above.

The Court now turns to Plaintiffs' Motion to Place Documents under Seal or for Other Relief, and Request to Expedite (Doc. 186). Plaintiffs explain that in support of their recently filed motions to exclude the testimony of Steven Tucker and Larry Arthur, they erroneously included a copy of the expert report of David Hallman. Plaintiffs assert that Mr. Hallman's report "contains a page" that is subject to the prior Protective Order entered in this case. Plaintiffs seek an adequate remedy to address the inadvertent inclusion. Plaintiffs' motion is **DENIED WITHOUT PREJUDICE**.

Plaintiffs have not provided any argument to establish that Mr. Hallman's report must be filed under seal. Although the Court recognizes Plaintiffs' representation that a page of said report is subject to Protective Order, such circumstance does not require, or necessarily allow, that the document be filed under seal. Indeed, in the Protective Order at issue, paragraph 6 specifies

that "[i]f a document … containing "Confidential Information" is filed with the Court, it shall be filed with the Clerk of the Court in conformity with the Federal Rules of Civil Procedure and the Local Rules governing filing of documents under seal."  (Doc. 59, p. 4, ¶ 6).   The Court has not directed or allowed said document to be filed under seal and Plaintiffs have not offered any argument to allow for such filing.   The Court recognizes that the AutoZone Defendants filed Mr. Hallman's report under seal as an exhibit to their memorandum in opposition to Plaintiff's Motion to Exclude the Opinions of Batzer and Hallman (*see* Doc. 178).   In fact, the AutoZone Defendants filed all of their exhibits in support of their opposition brief under seal without seeking, or receiving, leave of this Court to do so.  Accordingly, the documents filed under seal by the AutoZone Defendants on August 8, 2017 at Document Number 178, including the report of Mr. Hallman, shall be unsealed on **September 15, 2017**.  If any party contends that the exhibits should remain sealed, they are **ORDERED** to file briefs setting forth their arguments by **September 13, 2017**.  If the parties do not file a brief, the Court will assume that there is no objection to the unsealing of the documents.

In light of this Order, Plaintiffs' motion to seal (Doc. 186) is **DENIED WITHOUT PREJUDICE** and their request to expedite consideration of their motion to seal (Doc. 187) is **MOOT**.

**IT IS SO ORDERED.**
**DATED: September 8, 2017**

        **DONALD G. WILKERSON**
        **United States Magistrate Judge**