IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE WILLIAMSON and<br>RHONDA CHRISTINE LEMASTER,<br>On Behalf of Themselves and All Others<br>Similarly Situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>S.A. GEAR COMPANY, INC.,<br>AUTOZONE, INC.,<br>AUTOZONE PARTS, INC., and<br>AUTOZONE STORES, INC.,<br><br>        Defendants. | Case No. 15-CV-365-SMY-DGW |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs Steve Williamson and Rhonda Christine LeMaster, individually and on behalf of all similarly situated persons, filed a 15-Count Amended Class Action Complaint against Defendants S.A. Gear Company, Inc., Autozone, Inc., Autozone Parts, Inc., and Autozone Stores, Inc., alleging that Defendants manufactured, distributed, advertised, and/or sold defective timing chain tensioners. After three years of litigation, Plaintiffs now move to voluntarily dismiss this action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure (Doc. 207). Defendants filed responses in opposition (Docs. 209 and 212). For the following reasons, Plaintiffs' Motion is **DENIED**.

The dismissal of a plaintiff's Complaint without prejudice under Rule 41(a)(2) is within the district court's sound discretion. *See Tyco Labs., Inc. v. Koppers Co.,* 627 F.2d 54, 56 (7th Cir. 1980). In deciding whether to grant a Rule 41(a)(2) motion, the Court must consider a

variety of factors, including: (1) the defendant's efforts and resources already expended; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by the defendant. *Tyco Labs.,* 627 F.2d at 56. There is no requirement that each and every factor be resolved in favor of the moving party before dismissal is appropriate. The factors merely guide the Court in exercising its discretion. *Id.* In this case, the factors weigh against a dismissal without prejudice.

Defendants' efforts and expenses to date militate against dismissal without prejudice when "discovery ha[s] already been well underway." *Kapoulas v. Williams Ins. Agency, Inc.*, 11 F.3d 1380, 1385 (7th Cir. 1993). This case is over three years old, and Defendants have expended an enormous amount of time and resources defending against Plaintiff's claims and request for class certification. The parties have engaged in extensive discovery, including voluminous written discovery, expert witness disclosures and depositions, depositions of Defendants' corporate representative, and depositions of both Plaintiffs. The parties also submitted extensive briefing regarding class certification and *Daubert* motions.

Significantly, only after the denial of Plaintiffs' motion for class certification and Plaintiffs' unsuccessful interlocutory appeal to the Seventh Circuit have Plaintiffs moved to dismiss their case without prejudice. But, unfavorable rulings are not an acceptable basis to grant a voluntary dismissal or "to facilitate the search for a perceivably more favorable state judicial climate." *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994).

Finally, Plaintiffs' primary argument for dismissal without prejudice does not ring true, and the Court suspects that their true motive is to avoid the impending motions for summary judgment. While Plaintiffs assert that they should be permitted to dismiss this action without

prejudice because merit discovery is still necessary, there is significant overlap between class certification and merit discovery in this case. To the extent that Plaintiffs actually require additional discovery to respond to Defendants' summary judgment motions, the Court will refer this matter to Magistrate Judge Wilkerson for entry of a revised Scheduling Order.

For the foregoing reasons, voluntary dismissal without prejudice is unwarranted; Plaintiffs' motion to dismiss pursuant to Rule 41(a)(2) is **DENIED.**

**IT IS SO ORDERED.**

**DATED: September 26, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**